IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DAVE W. CULPEPPER,            )
                              )
         Plaintiff,           )
                              )
v.                            )   Case No. CIV-12-165-RAW-KEW
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social        )
Security Administration,      )
                              )
         Defendant.           )

### REPORT AND RECOMMENDATION

Plaintiff Dave W. Culpepper (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on September 26, 1961 and was 49 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a laborer and truck driver. Claimant alleges an inability to work beginning May 22, 2008 due to limitations resulting from a ruptured annulus, L4 & L5-S1 with facet joint degeneration at both levels.

**Procedural History**

On July 27, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 8, 2010, an administrative hearing was held before ALJ Trace Baldwin in Poteau, Oklahoma. On October 19, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on February 10, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to find his chronic cervical pain status post fusion with new herniated nucleus pulposus with radiculopathy to the bilateral

4

upper extremities was a severe impairment; and (2) reaching an RFC which is not supported by substantial evidence.

**Evaluation of Claimant's Severe Impairments**

In his decision, the ALJ determined Claimant suffered from the severe impairment of status post lumbar fusion. (Tr. 13). The ALJ concluded that Claimant retained the RFC to perform a full range of sedentary work. In so doing, the ALJ determined Claimant could lift and/or carry a maximum of 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk 2 hours in an 8-hour workday, sit 6 hours in an 8-hour workday, occasionally climb ramps, stairs, ladders, ropes, and scaffolding, occasionally balance, stoop, kneel, crouch, and crawl, had the unlimited ability to push/pull including the operation of hand/foot controls, along with no manipulative, visual, communicative, or environmental limitations. (Tr. 15). After consultation with a vocational expert ("VE"), the ALJ found Claimant could perform the representative jobs of order clerk and optical goods assembler – both of which exist in substantial numbers in the regional and national economies. (Tr. 19).

Claimant contends the ALJ should have determined his cervical impairment was severe. The ALJ recognized that Claimant underwent an anterior cervical diskectomy and fusion in March of 2000. He

noted that postoperatively, Claimant was doing "really well" and radiographs revealed good position and alignment. The ALJ also related that Claimant returned to work with no restrictions in June of 2000 by his neurologist. Claimant continued to work until May of 2008. (Tr. 14).

In April of 2004, Claimant complained of neck pain to Dr. Anthony Capocelli. Dr. Capocelli also noted arm pain but he was not sure whether this represented radiculopathy or secondary to carpal tunnel syndrome. (Tr. 211). Claimant complained of neck pain, bilateral shoulder pain and bilateral arm pain. (Tr. 212). In July of 2004, Claimant revealed his pain was 50% better after physical therapy. He was not having numbness, tingling, or weakness. (Tr. 213).

Claimant contends the ALJ failed to consider a March of 2004 MRI of the cervical spine which showed the fusion at C6-7. At C5-6, a small right paracentral disc osteophyte complex that results in at least some mild narrowing of the right neuroforamina. (Tr. 208).

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants

6

disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28.

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

7

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

Claimant has failed to demonstrate that his cervical impairment significantly limited his ability to engage in basic work activity. In April of 2005, a cervical spinal myelogram indicated postoperative changes at C6-7, anterior and posterior osteophytes at C5-6, mild ventral indentation of the thecal sac at the C5-6, C4-5, and C6-7. (Tr. 214). Dr. Capocelli, however, did not recommend surgical intervention and stated "it is reasonable to continue with [Claimant's] ongoing work duties." (Tr. 222).

Claimant relies upon a Medical Source Statement by Dr. Ronald Myers dated January 8, 2010. Dr. Myers found Claimant had reduced range of motion in his cervical spine in forward flexion, flexion, extension, and rotation. (Tr. 326). The ALJ found Dr. Myers' opinions were not support by any treatment notes or by diagnostic testing. The ALJ also found Claimant was referred to Dr. Myers for the purpose of obtaining the report and not for treatment. He concluded Dr. Myers' opinion was without substantial support from other evidence in the record. (Tr. 17). The ALJ's analysis of Dr. Myers' report is not erroneous. Dr. Myers' level of limitation is

not supported by other evidence in the record. The ALJ's explanation to favor the opinions of treating physicians over that of Dr. Myers as an examining physician was appropriate given the entirety of the medical record.

**RFC Determination**

Claimant contends the ALJ should have included a sit/stand/walk at will component, the need to elevate his legs, the need for extra breaks, limitations to the upper extremities, and more extensive postural limitations. While Claimant refers to the report of Dr. Arthur Johnson to presume these additional limitations, nothing in Dr. Johnson's report imposes such restrictions. (Tr. 247). Moreover, this Court has already determined the ALJ did not err in rejecting Dr. Myers' limitations. The remaining bases for additional limitations are founded in Claimant's testimony, which the ALJ found to be less than credible based upon the medical record. (Tr. 15-16). Claimant does not challenge the ALJ's credibility findings. As a result, this Court finds no error in the ALJ's RFC assessment.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security

9

Administration should be **AFFIRMED**.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of August, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE